# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HOLDER, JR. and HEATHER WILLIAMS, Individually and as Administrators of the Estate of Michael Karl Holder, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>WILFREDO SUAREZ, Individually, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:CV-14-1789<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiffs Michael Holder, Jr. ("Holder") and Heather Williams ("Williams"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Background

Plaintiffs commenced this action on September 12, 2014. Plaintiffs allege that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 10.) Plaintiff Holder is alleged to be "a competent adult individual residing at 413 Woodcreek Drive, Ossian, Indiana." (*Id.* at ¶ 1.) Plaintiff Williams is alleged to be "a competent adult individual residing at 22 Caedman Court, Stuart, Florida." (*Id.* at ¶ 2.)

Defendants are Wilfredo Suarez ("Suarez"), Suarez Trucking, LLC, Evans Delivery Company, Inc., Evans Delivery Company, Inc. d/b/a All Points Transport, and Interpool, Inc. d/b/a/ Trac Intermodal. (*Id.* at ¶¶ 3-7.) Suarez is alleged to be "a competent individual

residing at 185 Lake Avenue, Clifton, New Jersey 07011." (*Id.* at ¶ 3.) Suarez is alleged to be the "sole owner, shareholder, member, and/or officer" of Suarez Trucking, LLC. (*Id.* at ¶ 4.) Evans Delivery Company, Inc. is averred to be a "Pennsylvania company with a principal place of business" in Schuylkill Haven, Pennsylvania. (*Id.* at ¶ 5.) Defendant Evans Delivery Company, Inc. d/b/a All Points Transport is also alleged to be a "Pennsylvania company with a principal place of business" in Schuylkill Haven, Pennsylvania. (*Id.* at ¶ 6.) Lastly, Defendant Interpool, Inc. d/b/a Trac Intermodal is averred to be a "Delaware corporation with its principal place of business" in Princeton, New Jersey. (*Id.* at ¶ 7.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the

absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.   Citizenship of Plaintiffs**

First, the Complaint fails to adequately allege the citizenship of Plaintiffs Holder and Williams. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Holder is currently "residing" in Indiana and Williams is "residing" in Florida, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). To properly plead

diversity, Plaintiffs must allege their state of citizenship, not merely their state of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.    Citizenship of Individual Defendant**

The Complaint also fails to adequately allege the citizenship of individual Defendant Suarez. Specifically, the allegation that Suarez is currently "residing" in New Jersey is insufficient to demonstrate diversity jurisdiction. Rather, as explained above, Plaintiffs must plead individual Defendant Suarez's state of citizenship.

**C.    Citizenship of Corporate Defendants**

Plaintiffs also fail to correctly plead the citizenship of corporate Defendants Evans Delivery Company, Inc. and Evans Delivery Company, Inc. d/b/a All Points Transport. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct.

1181, 1192, 175 L. Ed. 2d 1029 (2010).[1]

Here, the Complaint only includes facts as to where Evans Delivery Company, Inc. and Evans Delivery Company, Inc. d/b/a All Points Transport have *a* principal place of business.[2] But, to properly plead the citizenship of these corporations, Plaintiffs must allege where each corporation has *its* principal place of business. Because the Complaint does not contain these facts, the Court cannot determine whether there is proper jurisdiction over this action.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

September 17, 2014                                             /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                            United States District Judge

---

[1] Unlike a corporation, however, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *see also* 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

[2] By contrast, Plaintiffs correctly plead the citizenship of corporate Defendant Interpool, Inc. d/b/a Trac Intermodal. (*Compl.*, ¶ 7.)