**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL HOLDER, JR. and HEATHER WILLIAMS, Individually and as Administrators of the Estate of Michael Karl Holder, deceased,<br><br>    Plaintiffs,<br><br>         v.<br><br>WILFREDO SUAREZ, Individually, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-14-1789<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Transfer Venue (Doc. 18) filed by Defendants Wilfredo Suarez, individually, Wilfredo Suarez d/b/a Suarez Trucking, LLC, Evans Delivery Company, Inc., and Evans Delivery Company, Inc. d/b/a All Points Transportation (collectively, "Moving Defendants"). Because Moving Defendants fail to carry their burden of establishing that the relevant private and public interest factors weigh in favor of a transfer to the United States District Court for the Western District of Pennsylvania, Moving Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) will be denied.

### **I. Background**

Plaintiffs Michael Holder, Jr. and Heather Williams, individually and as Administrators of the Estate of Michael K. Holder, deceased (collectively "Plaintiffs"), commenced this wrongful death and survival action in September 2014 against Moving Defendants and Interpool, Inc. d/b/a Trac Intermodal ("Trac"). (*Am. Compl.*) The action relates to an accident that occurred on Interstate 80 in Mercer County, Pennsylvania on April 10, 2013 involving an automobile driven by Michael K. Holder and a tractor-trailer driven by Wilfredo Suarez. Michael K. Holder died as a result of that accident.

In the Amended Complaint, Plaintiffs allege that Michael K. Holder was a citizen of

Michigan prior to his death and that they are therefore citizens of Michigan. (*Am. Compl.*, ¶ 8.) Defendants Wilfredo Suarez and Suarez Trucking, LLC are alleged to be citizens of New Jersey. (*Id*. at ¶¶ 3-4). Defendants Evans Delivery Company, Inc. and Evans Delivery Company, Inc. d/b/a All Points Transportation are alleged to be citizens of Pennsylvania with their principal place of business in Schuylkill Haven, which is located in the Middle District of Pennsylvania. (*Id*. at ¶¶ 5-6.) Lastly, Trac is alleged to be a citizen of Delaware and New Jersey. (*Id*. at ¶ 7.)

On January 28, 2015, Moving Defendants filed the instant motion to transfer venue to the United States District Court for the Western District of Pennsylvania. (Doc. 18.) Moving Defendants contend that Plaintiffs' choice of forum should be given little deference in this case because neither the decedent nor Plaintiffs are citizens of Pennsylvania. (Doc. 19, 5-6.) Moving Defendants further emphasize that the accident occurred in the Western District of Pennsylvania and that the eyewitnesses, investigators, and medical responders are all from that district. (*Id*. at 6-9.) Moving Defendants therefore conclude that the interests of justice and convenience weigh in favor of a transfer to the Western District of Pennsylvania.

Plaintiffs filed a timely brief in opposition to the motion to transfer venue on February 10, 2015. (Doc. 21.) Plaintiffs maintain that their choice of forum is still of paramount importance even though the accident did not occur in the Middle District of Pennsylvania. Moreover, they emphasize that events relevant to this action involving the terminal manager's instructions to Wilfredo Suarez "to turn around which set in motion the events leading to Michael Karl Holder's death" occurred while the terminal manager was located in this District. (*Id*. at 6-7.) Plaintiffs further reason that Moving Defendants fail to meet their heavy burden to establish that the relevant interests weigh strongly in favor of transfer. (*Id*. at 10.) Accordingly, Plaintiffs request that the motion to transfer be denied. (*Id*.) In addition,

2

Trac opposes the motion to transfer venue for the same reasons set forth by Plaintiffs. (Doc. 22.) As the time period for Moving Defendants to file a reply brief in further support of their motion has expired, the motion to transfer venue is now ripe for disposition.

## II. Discussion

Moving Defendants' motion to transfer venue is brought pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). However, "[t]he burden of establishing the need for transfer still rests with the movant," and "the plaintiff's choice of venue should not be lightly disturbed." *Id*. at 879 (quotation and citation omitted). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quotation and citation omitted).

In considering whether to transfer an action pursuant to § 1404(a), courts are not limited to consideration of the three factors enumerated in the statute. *See Jumara*, 55 F.3d at 879. Rather, courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id*. (citation omitted). Both public and private interest factors are considered in evaluating a transfer under § 1404(a). Private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6)

the location of books and records, again, only to the extent that they may not be available in one of the fora. *Jumara*, 55 F.3d at 879. Relevant public interest considerations include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id*. at 879-80.

Before considering the private and public interest factors, the court must determine whether the action "might have been brought" in the proposed transferee district. *See High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) (citation omitted); *see also E. Roof Sys., Inc. v. Simon Prop. Grp., Inc.*, No. 14-717, 2015 WL 679220, at *2 (M.D. Pa. Feb. 17, 2015) (before the court analyzes the public and private factors when presented with a motion to transfer venue, the court must first "decide whether the district to which the movant seeks to transfer the case has proper jurisdiction and venue, *i.e.*, could the case have been brought in the transferee district in the first instance."). Here, as is undisputed that the action could have been brought in the Western District of Pennsylvania, consideration of the private and public interest factors is warranted.

**A.     Private Interest Factors**

The first *Jumara* private interest factor is Plaintiffs' choice of forum. *See Jumara*, 55 F.3d at 879. As noted, a plaintiff's choice of forum should not be disturbed lightly. *See Shutte*, 431 F.2d at 25. However, "'a plaintiff's choice of forum is given less deference where the plaintiff chooses a forum outside of its state of residence.'" *Sinclair Cattle Co. v. Ward*, - - - F. Supp. 3d - - -, 2015 WL 268784, at *7 (M.D. Pa. Jan. 21, 2015) (quoting *Advanced Fluid Sys., Inc. v. Huber*, No. 13-3087, 2014 WL 1808652, at *17 (M.D. Pa. May 7, 2014)). A plaintiff's choice of forum is also entitled to "'less deference when none of the conduct complained of occurred in plaintiff's selected forum.'" *Id*. (quoting *Lomanno v.*

4

*Black*, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003)).

Here, Moving Defendants note that Pennsylvania is not Plaintiffs' home forum, and that the accident giving rise to this action occurred outside of this District. Nevertheless, Plaintiffs assert that operative facts relating to the terminal manager's instructions to Wilfredo Suarez prior to the accident took place in the Middle District of Pennsylvania. In view of these considerations where Plaintiffs' choice is not their home forum but some of the operative facts occurred here, Plaintiffs' choice is entitled to some, albeit limited, deference. *See, e.g., Kiker v. SmithKline Beecham Corp.*, No. 14-1445, 2014 WL 4948624, at *4 (E.D. Pa. Oct. 1, 2014). This factor thus weighs against transfer.

The second *Jumara* private interest factor is Defendants' preferred forum. *See Jumara*, 55 F.3d at 879. In this case, while Moving Defendants prefer to litigate this action in the Western District of Pennsylvania, Defendant Trac opposes the motion on the basis that this District is a more convenient forum for all Defendants. (Doc. 22.) As such, this factor does not weigh in favor of transfer.

The next *Jumara* private interest factor is the place where the claim arose. *See Jumara*, 55 F.3d at 879. As noted, although Plaintiffs assert that some of the operative events occurred in this District, the automobile accident which forms the basis of the Complaint occurred in the Western District of Pennsylvania. Thus, the third *Jumara* private interest factor weighs in favor of transfer. *See, e.g., Erb v. Roadway Express, Inc.*, No. 05-11, 2005 WL 1215955, at *4 (M.D. Pa. Apr. 19, 2005) (the fact that multi-vehicle accident occurred in Indiana weighed in favor of transfer).

The remaining *Jumara* private interest factors, *i.e.*, the convenience of the parties, the convenience of the witnesses, and the location of books and records, are all neutral. *See Jumara*, 55 F.3d at 879. Indeed, Defendants acknowledge that the convenience of the parties as demonstrated by relative financial status and physical location is the same

whether the case is litigated in this District or the Western District of Pennsylvania. (Doc. 19, 8.) Defendants likewise concede that there is nothing in the record suggesting that the witnesses in this case would be unavailable for trial in the Middle District of Pennsylvania. (*Id*.) Finally, the location of books and records is a relevant consideration only to the extent that they could not be produced in the alternative forum, and neither party suggests that these records could not be produced in either forum.

**B.    Public Interest Factors**

As to the *Jumara* public interest factors, any judgment will be equally enforceable in this Court or the proposed transferee court. *See Jumara*, 55 F.3d at 789.  Thus, the first *Jumara* public interest factor is neutral.

Second, the public interest inquiry also involves consideration of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879.  Moving Defendants argue that this factor weighs in favor of transfer because they may request a "jury site visit" of the location of the accident and other areas of the highway which "may be beneficial in establishing Defendant Suarez's response to the conditions on the morning of the accident." (Doc. 19, 8.)  Thus, Moving Defendants conclude that a trial in this District would be more expensive and less efficient if such a visit is permitted. Although it does not appear apparent at this time that such a site visit would be beneficial to a jury, Plaintiffs have not responded to Moving Defendants' argument regarding the potential for a site visit during trial.  I will therefore weigh this factor very slightly in favor of a transfer.

The third *Jumara* public interest factor is the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879.  As the parties did not address this consideration in their submissions, this factor is neutral to the transfer analysis.

The public interest inquiry also considers the local interest in the controversy. *See*

*Jumara*, 55 F.3d at 879. While there is a local interest in determining local controversies at home, "this factor is less significant where, as here, whether or not the case is transferred, [Plaintiffs] will have a Pennsylvania forum." *Morrison v. Lindsey Lawn & Garden, Inc.*, No. 13-1467, 2014 WL 831570, at *5 (E.D. Pa. Mar. 4, 2014); *see also Jumara*, 55 F.3d at 882-83 (finding no "distinct public interest in resolving the claims in a Luzerne County Court as opposed to in Philadelphia").

The final two *Jumara* public interest factors are neutral. *See Jumara*, 55 F.3d at 879-80. Specifically, the public policies of the fora are the same as both this Court and the proposed transferee court are located in the Commonwealth of Pennsylvania. *See, e.g., Simon v. Ward*, 80 F. Supp. 2d 464, 471 n.12 (E.D. Pa. 2000) (no meaningful differences between the public policies of the Eastern and Middle Districts of Pennsylvania); *see also Farkas v. Rich Coast Corp.*, No. 13-926, 2014 WL 550594, at *26 (W.D. Pa. Feb. 11, 2014) (public policies of the Middle and Western District of Pennsylvania are the same). Similarly, "because both fora are in Pennsylvania, this case presents no issues regarding the familiarity of the judges in each District with the applicable state law." *Morrison*, 2014 WL 831570, at *5.

## C. Balancing the *Jumara* Factors

Upon consideration of the *Jumara* factors, Moving Defendants' motion to transfer this litigation to the Western District of Pennsylvania will be denied. Here, some considerations weigh in favor of transfer, most significantly that the accident occurred in the proposed transferee district. Conversely, other factors, such as Plaintiffs' preferred forum and the preference of co-Defendant Trac to litigate in this District, weigh against transfer to the Western District of Pennsylvania. And, as indicated, the majority of the *Jumara* private and public interest factors are neutral. In these circumstances, and in view of the fact that the burden of establishing the need for transfer rests with the movant, *see Jumara*, 55 F.3d at

879, Moving Defendants have failed to satisfy their burden of demonstrating that transfer would be appropriate under 28 U.S.C. § 1404(a).

### III. Conclusion

For the above stated reasons, Moving Defendants' motion to transfer venue to the United States District Court for the Western District of Pennsylvania will be denied.

An appropriate order follows.

March 25, 2014
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge